# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51766-3-II |
| Respondent, | |
| v. | |
| ISAAC MAURICE NETTLES, | UNPUBLISHED OPINION |
| Appellant. | |

MELNICK, J. — Isaac Maurice Nettles appeals from the trial court's order denying a motion to correct his judgment and sentence. We vacate the order denying Nettles's motion, convert the matter into a personal restraint petition (PRP), and dismiss the PRP as untimely.[1]

## FACTS

Nettles accidently shot and killed his friend with a gun that Nettles thought was unloaded. Nettles pled guilty to manslaughter in the second degree with a firearm enhancement. Nettles received notice that his maximum sentence was 120 months. Nettles also received notice that the enhancement must run consecutive to any other sentence.

---

[1] Nettles's appellate counsel filed a motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Based on our disposition of this case, we need not rule on counsel's motion.

On July 12, 2016, the court sentenced Nettles to a 27-month standard range sentence plus a 36-month sentence enhancement and 18 months of community custody, for a total of 81 months. Nettles did not appeal.

On January 30, 2018, Nettles filed a motion to "correct" his judgment and sentence. He argued that his sentence was an "illegal exceptional sentence." Clerk's Papers (CP) at 38. The trial court denied his motion, concluding there was "nothing to correct" because the court sentenced Nettles to a standard range sentence plus a firearm enhancement, which "does not act as an exceptional sentence," and 18 months of community custody. CP at 57. Nettles appeals.

ANALYSIS

Any action for postconviction relief other than a direct appeal is a collateral attack under RCW 10.73.090(2). A petition or motion for collateral attack on a judgment and sentence must be filed within one year after the judgment becomes final, unless the judgment and sentence is invalid. RCW 10.73.090(1). A judgment becomes final when it is filed with the clerk of the trial court, when an appellate court issues a mandate disposing of a timely direct appeal, or when the United States Supreme Court denies a timely petition for certiorari—whichever date is last. RCW 10.73.090(3). Untimely motions for relief from judgment must be transferred to the court of appeals for consideration as PRPs. CrR 7.8(c)(2).

Here, Nettles's judgment became final on July 12, 2016, the day it was filed. RCW 10.73.090(3)(a). CrR 7.8(c)(2) does not permit the trial court to decide an untimely motion to correct judgment and sentence. We, therefore, vacate the trial court's denial of Nettles's motion and convert the matter for consideration to a PRP, and deny Nettles's PRP as untimely.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Melnick, J.

We concur:

Worswick, P.J.

Cruser, J.